UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO

Civil Action No. _____

KERRY ODDSON, individually and on behalf of
a class of others similarly situated,

        Plaintiff,

   v.

SWIFT & COMPANY,
a Delaware corporation,

Serve: Registered Agent
The Corporation Company
1675 Broadway, Ste. 1200
Denver, Colorado 80202

Defendant.

---

# COMPLAINT
_____

Plaintiff Kerry Oddson ("Plaintiff"), individually and on behalf of all others similarly situated, by and through his counsel, for his Complaint against Swift & Company, ("Swift") hereby states and alleges as follows:

1.    Swift is the world's third-largest processor of fresh beef and pork. Swift's practice and policy is to deny wages and overtime pay to its livestock buyers ("Buyers"). The deliberate failure of Swift to pay its employees their earned wages and overtime compensation violates the Fair Labor Standards Act ("FLSA").

2. Plaintiff is a Buyer for Swift. This lawsuit is brought as a collective action under the FLSA to recover unpaid wages owed to Plaintiff and all other similarly situated Swift employees nationwide.

## JURISDICTION AND VENUE

3. The FLSA authorizes court actions by private parties to recover damages for violation of the FLSA's wage and hour provisions. Jurisdiction over Plaintiffs' FLSA claims is based on 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

4. Venue in this district is proper pursuant to 28 U.S.C. §§ 1391(b) and (c), because Swift resides in this district and a substantial part of the events and/or omissions giving rise to this claim occurred in this district.

## PARTIES

5. Swift is a Delaware corporation with its principal place of business in Greeley, Colorado. Swift does business nationwide including in the states of Colorado, Minnesota, Iowa, and Kentucky.

6. Plaintiff is a resident of Worthington, Minnesota. Plaintiff works for Swift as a Buyer. The Consents to Become a Party Plaintiff pursuant to 29 U.S.C. § 216(b) for Plaintiff, Calvin Hoefker, Michael Hilleman, Mike Mormann, and Mike Manitz are collectively attached hereto as Exhibit A.

## GENERAL ALLEGATIONS

7. The principal job duty of Buyers is to receive and physically sort livestock into categories for Swift to purchase. After the livestock is sorted, the Buyer completes a short form, called a "weight ticket," for each of the classifications of livestock and then returns to the pen to unload the next load of livestock.

8. To fulfill their job duties, Buyers wear a variety of safety equipment, including hard hats, ear plugs, steel toed boots, and safety gloves because the buyers are standing in the outdoor pens with the livestock during the sorting process and are sometimes knocked down to the ground by the livestock.

9. Swift pays Plaintiff and its other Buyers on a salary, exempt basis, even though the nature of the duties performed by Buyers precludes any exemptions from the FLSA's overtime requirements.

10. Buyers are instructed that they are not entitled to overtime compensation. Plaintiff and other Buyers have been denied overtime compensation, even when they work in excess of forty hours per week.

11. Buyers are commonly unable to complete their required job duties without working in excess of forty hours per week. Swift knows or has reason to know that Buyers worked overtime.

12. The net effect of Swift's policy and practice instituted and approved by company managers is that Swift willfully fails to pay overtime compensation and willfully fails to keep accurate time records in order to save payroll costs. Swift enjoys ill-gained profits at the expense of its employees.

## COLLECTIVE ACTION ALLEGATIONS

13. Plaintiff brings this FLSA case as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b).

14. Plaintiff, individually and on behalf of other similarly situated employees, seeks relief on a collective basis challenging, among other FLSA violations, Swift's practice of failing to pay employees for all overtime hours worked. The number and

identity of other plaintiffs yet to opt-in and consent to be party plaintiffs may be determined from the records of Swift, and potential class members may easily and quickly be notified of the pendency of this action.

### COUNT I
### Violation of the Fair Labor Standards Act of 1938

15. Plaintiff reasserts and re-alleges the allegations set forth above.

16. At all times material herein, Plaintiff has been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. §§ 201, et seq.

17. The FLSA regulates, among other things, the payment of overtime pay by employers whose employees are engaged in interstate commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce. 29 U.S.C. § 207(a)(1).

18. Swift is subject to the overtime pay requirements of the FLSA because it is an enterprise engaged in interstate commerce and its employees are engaged in commerce.

19. Swift violated the FLSA by failing to pay for overtime.

20. Section 13 of the FLSA, codified at 29 U.S.C. § 213, exempts certain categories of employees from overtime pay obligations. None of the FLSA exemptions apply to Plaintiff or Buyers.

21. Plaintiff and all similarly situated employees are victims of a uniform and company-wide compensation policy. This uniform policy, in violation of the FLSA, has been applied to all Buyers employed by Swift. Upon information and belief, Swift has applied this uniform policy to all Buyers nationwide.

22. Plaintiff and all similarly situated employees are entitled to damages equal to the mandated overtime premium pay within the three years preceding the filing of this Complaint, plus periods of equitable tolling, because Swift acted willfully and knew, or showed reckless disregard of the fact, that its conduct was prohibited by the FLSA.

23. Swift has acted neither in good faith nor with reasonable grounds to believe that its actions and omissions were not a violation of the FLSA, and as a result thereof, Plaintiff and other similarly situated employees are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime pay described pursuant to Section 16(b) of the FLSA, codified at 29 U.S.C. § 216(b). Alternatively, should the Court find Swift did not act willfully in failing to pay overtime pay, Plaintiff and all similarly situated employees are entitled to an award of prejudgment interest at the applicable legal rate.

24. As a result of the aforesaid willful violations of the FLSA's overtime pay provisions, overtime compensation has been unlawfully withheld by Swift from Plaintiff and all similarly situated employees. Accordingly, Swift is liable pursuant to 29 U.S.C. § 216(b), together with an additional amount as liquidated damages, pre-judgment and post-judgment interest, reasonable attorneys' fees, and costs of this action.

WHEREFORE, Plaintiff, on behalf of himself and all similarly-situated employees, demands judgment against Swift and prays for: (1) compensatory damages; (2) liquidated damages; (3) attorneys' fees and costs as allowed by Section 16(b) of the FLSA; (4) pre-judgment and post-judgment interest as provided by law; and (5) such other relief as the Court deems fair and equitable.

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby requests a trial by jury of all issues triable by jury.

Respectfully submitted,

**STUEVE SIEGEL HANSON LLP**


_/s/ Richard M. Paul III_
George A. Hanson
Email:     hanson@stuevesiegel.com
(*pro hac forthcoming*)
Richard M. Paul III (Admitted in D. Colo.)
Email:     paul@stuevesiegel.com
Ashlea G. Schwarz
Email:     ashlea@stuevesiegel.com
(*pro hac forthcoming*)
460 Nichols Road, Suite 200
Kansas City, Missouri 64112
Tel:   816-714-7100
Fax:  816-714-7101

**LEAR WERTS LLP**
Bradford B. Lear
Email:  lear@learandwerts.com
(*pro hac forthcoming*)
Todd C. Werts
Email:  werts@learandwerts.com
(*pro hac forthcoming*)
2003 West Broadway, Suite 107
Columbia, Missouri 65203
Tel:   573-875-1991
Fax:  573-875-1985

**ATTORNEYS FOR PLAINTIFFS**